# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 28, 2018

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JOY PLEASANT,                         *
                                      *    No. 17-610V
              Petitioner,             *    Special Master Sanders
v.                                    *
                                      *    Dismissal; Insufficient Proof;
SECRETARY OF HEALTH                   *    Hepatitis B ("Hep B") Vaccine;
AND HUMAN SERVICES,                   *    Post-Herpetic Neuralgia; Facial Palsy
                                      *    Ramsay Hunt Syndrome; Right VII
              Respondent.             *    Nerve Paralysis
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Howard Gold</u>, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.
<u>Christine Becer</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 8, 2017, Joy Pleasant ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered Post-Herpetic Neuralgia, Ramsay Hunt Syndrome, Facial Palsy, and Right VII Nerve Paralysis as a result of the Hepatitis B vaccination she received on May 7, 2014. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On November 26, 2018, Petitioner submitted a Motion to Voluntarily Dismiss her petition. ECF No. 31. In her Motion, Petitioner conceded that "it appears that expert support may not be forthcoming at this time." *Id.* at 1. Petitioner continued, "[a]s a result of these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." *Id.*

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

§§ 13(a)(1)(A), 11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the Hepatitis B vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone.  Rather, the petition must be supported by medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness.  Therefore, this case **must be dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
