# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  April 4, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOY PLEASANT,

 Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

 Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 17-610V

Special Master Sanders

Attorneys' Fees and Costs

<u>Howard S. Gold</u>, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.
<u>Christine M. Becer</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

 On May 8, 2017, Joy Pleasant ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered Post-Herpetic Neuralgia, Ramsay Hunt Syndrome, Facial Palsy, and Right VII Nerve Paralysis as a result of the Hepatitis B vaccination she received on May 7, 2014. Pet. at 1, ECF No. 1. On November 26, 2018, Petitioner filed a motion to voluntarily dismiss her petition, and on November 28, 2018, the undersigned issued her Decision dismissing the petition for insufficient proof. ECF No. 32.

 On December 22, 2018, Petitioner filed an application for attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 33 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $21,568.20 (representing $18,226.00 in fees and $3,342.20 in costs). Fees App at 3. Pursuant to General Order No. 9, Petitioner has stated that she has not incurred any out-of-pocket costs in pursuit of her claim. *Id.* Respondent reacted to the motion on February 5, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 36). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.    Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests that her attorney, Mr. Howard Gold, be compensated at the following rates: $360.00 per hour for work performed in 2015, $370.00 per hour for work performed in 2016, $380.00 per hour for work performed in 2017, and $390.00 per hour for work performed in 2018. Fees App. at 5-9. Petitioner also requests that Mr. Gold's paralegal be compensated at $125.00 per hour for all work performed. *Id.* The undersigned finds that the requested rates are in conformance with what Mr. Gold and his paralegal have consistently been awarded for their work in the Vaccine Program. Accordingly, no adjustment to the requested rates is necessary.

### b.  Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the hours billed in this matter to be reasonable. The entries accurately reflect the nature of the task, and the time billed on these entries appears to be reasonable in the undersigned's experience. Respondent also has not identified any particular entries as objectionable. Petitioner is therefore entitled to the full amount of attorneys' fees sought, **$18,226.00**.

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,342.20 in costs, covering the cost of medical records, the Court's filing fee, travel costs to meet with Petitioner, and the expert work of Dr. Marcel Kinsbourne. Fees App. at 11. Petitioner has provided adequate documentation for all these costs, and the undersigned finds them all to be reasonable. Accordingly, Petitioner is entitled to a full reimbursement of costs, **$3,342.20**.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

## II.    Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $18,226.00 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$18,226.00** |
| | |
| Attorneys' Costs Requested | $3,342.20 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,342.20** |
| | |
| **Total Amount Awarded** | **$21,568.20** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Accordingly, the undersigned hereby awards **a total of $21,568.20 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Howard Gold, of Gold Law Firm, LLC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).